IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

RICARDO FLETCHER,
on behalf of himself and others similarly
situated,

    Plaintiff,

vs.                                        **COLLECTIVE ACTION**

FITNESSEXPERTS LLC, a Florida Limited
Liability Company, RONALD SELLERS,
and NINA BELLOMO, individuals,
jointly and severally,

    Defendants.
_____/

**COMPLAINT**

**INTRODUCTION**

1. This is a collective action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "FLSA") to recover unpaid overtime wages owed to Plaintiff RICARDO FLETCHER (hereinafter, "FLETCHER"), and all others similarly situated to him who were formerly or are currently employed as gym equipment installers by Defendants FITNESSEXPERTS LLC, (hereinafter, "FITNESS"), RONALD SELLERS (hereinafter "SELLERS") and NINA BELLOMO (hereinafter, "BELLOMO").

1

2. Pursuant to the FLSA, Plaintiff, on behalf of himself[1] and all others similarly situated to him, seeks unpaid overtime wages, liquidated damages or pre-judgment interest, post-judgment interest, attorneys' fees and costs from Defendants.

3. Plaintiff also requests the Court to authorize concurrent notice to all persons who were formerly or are currently employed by Defendants, and who were paid in a similar manner as Plaintiff, or who were so employed during the Liability Period, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to the FLSA, 29 U.S.C. §216(b).

## JURISDICTION

4. This Court has jurisdiction over this action pursuant to the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §216(b), and 28 U.S.C. §1331 and 1337.

## VENUE

5. Venue is proper in this Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in Broward County and Palm Beach County, Florida and within the Southern District of Florida.

## PARTIES

6. Plaintiff FLETCHER was, at all material times, a resident of Palm Beach County, Florida and was employed as a gym equipment installer for Defendants, installing equipment throughout the state of Florida from approximately October 2021 to January 2023.

7. At all times material, during Plaintiff's employment with Defendant FITNESS, Plaintiff was engaged in commerce or in the production of goods for commerce. To wit: Plaintiff handled goods and materials that traveled in interstate commerce and utilized tools and equipment

---

[1] Incorporated in this Complaint is Plaintiff FLETCHER's electronically signed consent to join this action.

that were manufactured in other states outside of Florida.

8. Defendant, FITNESS, is a Florida Limited Liability Company that sells and installs gym equipment throughout the state of Florida, with a principal place of business in Broward County, Florida and a warehouse in Palm Beach County, Florida. Said gym equipment is purchased from and sold to locations inside and outside of Florida.

9. FITNESS is an enterprise engaged in an industry affecting interstate commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in interstate commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendants SELLERS and BELLOMO, who reside and are domiciled in Broward County, Florida, own and/or operate Defendant FITNESS.

11. Defendants SELLERS and BELLOMO acted and act directly in the interests of Defendant FITNESS in relation to its employees. To wit, both SELLERS and BELLOMO exercised authority over FLETCHER, set his schedule, determined his pay, determined his job duties and controlled all aspects of his employment. Thus, SELLERS and BELLOMO were and are employers within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

12. At all times material, Plaintiff was an employee of Defendants within the meaning of the FLSA.

13. At all times material, during Plaintiff's employment with Defendants, Plaintiff was engaged in interstate commerce or in the production of goods for commerce.

14. At all times material, Defendants FITNESS was an "enterprise engaged in commerce" within the meaning of 29 U.S.C. § 203(s)(1) with annual gross sales in excess of $500,000 within the meaning of the FLSA.

## FACTUAL ALLEGATIONS

15. Plaintiff is a non-exempt former employee of Defendants who worked as an hourly fitness equipment installer.

16. From on or about October 2021 to January 2023, Plaintiff worked more than 40 hours per week during most weeks of his employment, without being paid the federally mandated wage for overtime. Specifically, Plaintiff was paid at varying rates at the whim of SELLERS and BELLOMO and at no point did said rates include a time and a half premium for any hours worked over 40 hours per week.

17. Defendants violated the FLSA by failing to pay Plaintiff for all overtime hours worked in excess of forty per week at the applicable time and one-half rate.

18. Defendants pay all of its hourly employees in the same fashion. There are several other current and former employees who worked as gym equipment installers who worked over 40 hours per week and were paid at varying rates on the whim of SELLERS and BELLOMO. Said rates never included a time and a half premium for overtime hours worked and they are thus owed the overtime premium rate as well.

## LEGAL CLAIMS

**COUNT I (as to Plaintiff and those similarly situated):**
**Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by Defendant FITNESS**

19. The allegations in Paragraphs 1 through 18 are realleged and fully incorporated by reference herein.

4

20. By its actions alleged above, Defendant FITNESS willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

21. As a result of the unlawful acts of Defendant FITNESS, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

   A.   To authorize the issuance of notice at the earliest possible time to all current and former hourly employees who were employed by Defendant FITNESS and who worked overtime and did not receive an overtime premium rate. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

   B.   To declare that Defendant FITNESS has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

   C.   To declare that Defendant FITNESS's violations of the FLSA were willful;

   D.   To award Plaintiff and other similarly situated current and former employees of Defendant FITNESS adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

  E. To award Plaintiff and other similarly situated current and former employees of Defendant FITNESS liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

  F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

  G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

  H. To award Plaintiff and other similarly situated current and former employees of Defendant FITNESS their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II (as to Plaintiff and those similarly situated):**
**Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by Defendant SELLERS**

22. The allegations in Paragraphs 1 through 18 are realleged and fully incorporated by reference herein.

23. By its actions alleged above, Defendant SELLERS willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

24. As a result of the unlawful acts of Defendant SELLERS, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

  A. To authorize the issuance of notice at the earliest possible time to all current and former hourly employees who were employed by Defendant SELLERS and who worked overtime and did not receive an overtime premium rate.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

  B. To declare that Defendant SELLERS has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

  C. To declare that Defendant SELLERS' violations of the FLSA were willful;

  D. To award Plaintiff and other similarly situated current and former employees of Defendant SELLERS adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

  E. To award Plaintiff and other similarly situated current and former employees of Defendant SELLERS liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

  F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

  G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

  H. To award Plaintiff and other similarly situated current and former employees of Defendant SELLERS their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT III (as to Plaintiff and those similarly situated):**
**Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207 by Defendant BELLOMO**

25. The allegations in Paragraphs 1 through 18 are realleged and fully incorporated by reference herein.

26. By its actions alleged above, Defendant BELLOMO willfully, knowingly and/or recklessly violated the provisions of FLSA, which requires overtime wages to be paid to non-exempt employees, including those set forth in the provisions of 29 U.S.C. § 207.

27. As a result of the unlawful acts of Defendant BELLOMO, Plaintiff and all persons similarly situated to him have been deprived of overtime wages in amounts to be determined at trial, and are entitled to recovery of such amounts in addition to liquidated damages or prejudgment interest, post-judgment interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff and all employees similarly situated who join in this action pray for this Court to enter an order certifying a collective action pursuant to section 216(b) for violations of the FLSA, and pray for this Court to grant the following relief:

A. To authorize the issuance of notice at the earliest possible time to all current and former hourly employees who were employed by Defendant BELLOMO and who worked overtime and did not receive an overtime premium rate.  This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid overtime wages as required by the FLSA;

B. To declare that Defendant BELLOMO has violated the overtime provisions of the FLSA, 29 U.S.C. § 207, as to Plaintiff and persons similarly situated;

C. To declare that Defendant BELLOMO's violations of the FLSA were willful;

D. To award Plaintiff and other similarly situated current and former employees of Defendant BELLOMO adequate damages for the amount of unpaid overtime wage compensation they are owed, subject to proof at trial;

E. To award Plaintiff and other similarly situated current and former employees of Defendant BELLOMO liquidated damages in an amount equal to the unpaid overtime compensation shown to be owed pursuant to 29 U.S.C. §216(b);

F. If liquidated damages are not awarded, then the Court should award, in the alternative, prejudgment interest;

G. To make the same declarations and awards as prayed for in paragraphs A-F above as to all persons who opt into this action pursuant to 29 U.S.C. §216(b); and

H. To award Plaintiff and other similarly situated current and former employees of Defendant BELLOMO their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

## Jury Demand

Plaintiff demands trial by jury on all issues so triable.

## CONSENT TO JOIN
## PURSUANT TO 29 U.S.C. §216(b)

I, RICARDO FLETCHER, hereby consent and agree and opt-in to become a plaintiff in this lawsuit brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq.



/s/ Ricardo Fletcher (Mar 6, 2023 16:03 EST)
RICARDO FLETCHER

Dated: March 6, 2023
Plantation, Florida

Respectfully submitted,

*/s/Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: Rob@floridawagelaw.com
James A. Peterson, Esq. (Fla. Bar No. 645621)
E-Mail: James@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*